**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| STEPHEN LIVINGSTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. _____ |
| | ) | |
| vs. | ) | |
| | ) | |
| HOFFMANN-LA ROCHE INC., ROCHE | ) | |
| LABORATORIES INC., DAVID SHANKER, | ) | |
| M.D., DERMATOLOGY CHICAGO D/B/A | ) | |
| DERMATOLOGY CSI, LAKESHORE | ) | |
| SURGICAL ASSOCIATES, LTD., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, *et seq.*, Defendants Hoffmann-La Roche Inc. and Roche Laboratories Inc. hereby give notice of the removal to this Court of Case No. 2017-L-005396 from the Circuit Court of Cook County, Illinois, County Department, Law Division. This Court has subject-matter jurisdiction over the claims raised by Plaintiff against Defendants Hoffmann-La Roche Inc. and Roche Laboratories Inc., despite Plaintiff's fraudulent misjoinder of additional claims. Furthermore, personal jurisdiction is lacking over Defendants Hoffmann-La Roche Inc. and Roche Laboratories Inc. and Plaintiff's claims should be dismissed. In support of their Notice of Removal, Defendants state as follows:

## INTRODUCTION

1.     Plaintiff brings this action asserting five claims related to two different medications Plaintiff ingested over a period of nearly a decade. Plaintiff has fraudulently misjoined its claims against Defendants Hoffmann-La Roche Inc. and Roche Laboratories Inc.

("Roche Defendants") related to the prescription medication Accutane® with claims against medical providers who treated Plaintiff years later and prescribed him a different medication. For the reasons set forth below, this Court has subject-matter jurisdiction over Plaintiff's claims against the Roche Defendants, and these claims should be dismissed for lack of personal jurisdiction.

2.      Plaintiff, who on information and belief is a resident of Illinois, is completely diverse from the Roche Defendants.  Defendant Hoffmann-La Roche Inc. is a corporation incorporated under the laws of the State of New Jersey with its principal place of business in New Jersey.  Defendant Roche Laboratories Inc. is a corporation incorporated under the laws of the State of Delaware with its principal place of business in New Jersey.

3.      Plaintiff asserts four claims against the Roche Defendants for injuries alleged to relate to Plaintiff's ingestion of Roche's medicine Accutane between 1999 and 2004.  Plaintiff alleges strict products liability and negligence claims based on the Roche Defendants' manufacture and distribution of Accutane.

4.      Plaintiff separately asserts a fifth claim against Defendants Dermatology CSI, Lakeshore Surgical Associates, Ltd., and David Shanker (the "Physician Defendants").  This claim alleges a different cause of action, against different defendants, relating to a different time period, for ingesting a medication which, although containing the same active ingredient as Accutane, is manufactured and distributed by companies other than the Roche Defendants.  The claim against the Physician Defendants does not arise out of the same series of transactions or occurrences as Plaintiff's claims against the Roche Defendants for at least the following reasons:

a. <u>Different theories of liability</u>: The claim against the Physician Defendants is based on negligent prescribing behavior, not strict products liability and negligent failure to warn like the claims against the Roche Defendants.

b. <u>No overlapping defendants</u>: Plaintiff does not allege that the Roche Defendants share liability with the Physician Defendants.

c. <u>Different medications</u>: The claim against the Physician Defendants does not involve any ingestion by Plaintiff of Accutane.

d. <u>Different time periods</u>: The claim against the Physician Defendants relates to events taking place several years after the events giving rise to Plaintiff's other claims.

e. <u>Different relevant medical conditions</u>: Plaintiff had already been diagnosed with inflammatory bowel disease by the time he received allegedly negligent care from the Physician Defendants.

f. <u>Different locations</u>: The claim against the Physician Defendants relates to medication prescribed in Illinois, unlike Plaintiff's claims against the Roche Defendants.

Plaintiff alleges no factual or legal overlap between his claim against the Physician Defendants and his claims against the Roche Defendants. Plaintiff has alleged this fifth claim solely to defeat this Court's jurisdiction. This claim is fraudulently misjoined and should be severed and ignored for the purposes of considering whether subject-matter jurisdiction exists over claims raised against the Roche Defendants.

5.      Before addressing the difficult question of subject-matter jurisdiction, however, the Court has the discretion to first consider whether the Roche Defendants are subject to personal jurisdiction.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999); *Siegfried v. Boehringer Ingelheim Pharms., Inc.*, No. 4:16-cv-1942-CDP, 2017 WL 2778107, at *5 (E.D. Mo. June 27, 2017) ("Personal jurisdiction is now the more straightforward inquiry.  Ruling [on] personal jurisdiction first is in the interests of judicial economy and expeditiousness.").  The Roche Defendants intend to move this Court to dismiss Plaintiff's claims for lack of personal jurisdiction.

6.      After the Court has severed Plaintiff's misjoined claim, there will be complete diversity between Plaintiff and the Roche Defendants.  The amount in controversy is in excess of $75,000, and accordingly this Court has subject-matter jurisdiction over Plaintiff's claims against the Roche Defendants.

## BACKGROUND

7.      The Roche Defendants manufactured, distributed, and marketed the prescription brand-name medication Accutane®, generically known as isotretinoin, for use in accordance with FDA-approved prescribing information.  Accutane was indicated for the treatment of severe recalcitrant nodular acne.

8.      Upon information and belief, Plaintiff Stephen Livingston was prescribed isotretinoin during three separate periods of time: in 1999, 2004, and 2007.  In 1999, while living in Wisconsin, he was prescribed and received isotretinoin in the form of Accutane, manufactured by the Roche Defendants.  In 2004, while living in Ohio, he received isotretinoin both in the form of Accutane and in the form of Amnesteem, a generic version of isotretinoin manufactured

by Mylan Bertek Pharmaceuticals, Inc.  Finally, in 2007, while living in Illinois, he received isotretinoin in the form of Claravis, a different generic version of isotretinoin manufactured by Barr Laboratories, Inc.

9.      Upon information and belief, Plaintiff's Claravis prescription in 2007 was written by dermatologist David Shanker, M.D., who was an employee of Dermatology CSI d/b/a Dermatology Chicago and Lakeshore Surgical Associates, Ltd.  Dr. Shanker was a Chicago resident and Dermatology CSI and Lakeshore Surgical Associates were an Illinois corporation and an Illinois limited partnership, respectively.

10.      Upon information and belief, in 2003, Plaintiff developed a gastrointestinal condition known as inflammatory bowel disease ("IBD").  His disease progressed such that ultimately, in 2005, prior to his being prescribed Claravis, Plaintiff had a surgical procedure to remove his colon.

11.      When Plaintiff first was prescribed Accutane in 1999, the medication reflected the Roche Defendants' initial IBD warnings:

> **WARNINGS:** . . . *Inflammatory Bowel Disease*:  Accutane has been temporally associated with inflammatory bowel disease (including regional ileitis) in patients without a prior history of intestinal disorders.  Patients experiencing abdominal pain, rectal bleeding or severe diarrhea should discontinue Accutane immediately.

Mar. 1984 Package Insert, attached to the Declaration of Sherri M. Arrigo ("Arrigo Decl."), as Ex. A.

12.     When Plaintiff was prescribed Claravis in 2007, Claravis carried warnings different from Accutane's 1999 warning:

> **WARNINGS: . . .**
>
> *Inflammatory Bowel Disease*:  Claravis has been associated with inflammatory bowel disease (including regional ileitis) in patients without a prior history of intestinal disorders.  In some instances, symptoms have been reported to persist after Claravis treatment has been stopped.  Patients experiencing abdominal pain, rectal bleeding or severe diarrhea should discontinue Claravis immediately.

Feb. 2007 Claravis Physician Package Insert at 8, Arrigo Decl., Ex. B.  In addition to the changes to the package insert, Claravis was accompanied by numerous additional warnings, including a Medication Guide that explained that Claravis could cause "stomach area (abdomen) problems," *id.* at 39, and a patient brochure that again described these potential risks, Sept. 2005 iPledge Program Patient Introductory Brochure at 12, Arrigo Decl., Ex. C.  Upon information and belief, before receiving Claravis, Plaintiff signed a consent form attesting that he had read the iPledge Program Patient Introductory Brochure.

13.     The warnings in place when Plaintiff first ingested Accutane in 1999 were different than those in place for Claravis in 2007, and Plaintiff's own medical history differed meaningfully.  The claims against Roche -- essentially failure to warn arising from the 1999 warnings -- do not arise from the same transaction or occurrence as the fifth claim -- a medical malpractice claim criticizing his medical providers for not adequately heeding a different warning in deciding to prescribe Plaintiff isotretinoin.

## PROCEDURAL HISTORY

14.    On April 15, 2009, Plaintiff commenced an action (the "First State Court Action") by the filing of a Complaint in the Circuit Court of Cook County, Illinois, County Department, Law Division, bearing index No. 2009-L-004483.   The action was in part against the same defendants as the current matter:  Hoffmann-La Roche Inc., Roche Laboratories Inc., and the three forum resident medical providers (David Shanker, M.D., Dermatology CSI, and Lakeshore Surgical Associates, Ltd.).   Plaintiff also sued in that action Mylan, the manufacturer of Amnesteem, and Barr, the manufacturer of Claravis, as well as Cardinal Health France 404 and Cardinal Health Packaging Services, allegedly the distributors of Amnesteem (collectively, the "Generic Defendants").[1]

15.    The Complaint in the First State Court Action alleged nine causes of action.

a.  First, the Complaint alleged strict products liability and negligence claims against the Roche Defendants and their affiliates relating to Accutane ingested by Plaintiff in 1999.  In 1999, Plaintiff was prescribed Accutane by James Siepmann, M.D. and Michael Knier, M.D., in Oshkosh, Wisconsin.  Plaintiff made no allegations that his 1999 prescription for Accutane was connected in any way to Illinois or the Physician Defendants.

b.  Second, the Complaint alleged strict products liability and negligence claims against the Roche Defendants and their affiliates relating to

---

[1] Plaintiff additionally sued a group of corporate entities affiliated with the Roche Defendants. All of those entities were later either dropped or dismissed.

Accutane ingested by Plaintiff in 2004. In 2004, Plaintiff was prescribed Accutane by Neal Mastruserio, M.D., in Columbus, Ohio. Plaintiff made no allegations that his 2004 prescription for Accutane was connected in any way to Illinois or the Physician Defendants.

c. The Complaint alleged strict products liability and negligence claims against Cardinal Health France 404, Cardinal Health Packaging Services, and Mylan Bertek Pharmaceuticals Inc. relating to Plaintiff's ingestion of the prescription medication Amnesteem in 2004. Plaintiff was prescribed Amnesteem by Neal Mastruserio, M.D., in Columbus, Ohio. Plaintiff made no allegations that his 2004 prescription for Amnesteem was connected in any way to Illinois or the Physician Defendants.

d. Plaintiff also alleged strict products liability and negligence claims against Barr Laboratories, Barr Pharmaceuticals, Inc., and Teva Pharmaceutical Industries Inc. relating to Plaintiff's ingestion of the prescription medication Claravis in 2007. Plaintiff alleged that David Shanker, M.D., prescribed Claravis to Plaintiff in Chicago, Illinois in 2007. Plaintiff made no allegations in respect of the Roche Defendants regarding these claims.

e. Lastly, Plaintiff alleged medical negligence against David Shanker, M.D., Dermatology CSI, and Lakeshore Surgical Associates Ltd. relating to Dr. Shanker's prescribing of Claravis to Plaintiff in Chicago, Illinois in 2007. Plaintiff's Complaint stated that these medical providers "prescribed Isotretinoin for plaintiff . . . at a time when he knew or should have known

that it was contraindicated for this patient; (b) failed to adequately advise plaintiff . . . of the risks, dangers and symptoms associated with the proper use of Isotretinoin; and (c) was otherwise careless and negligent." Plaintiff's Complaint did not allege with specificity why he believed that isotretinoin was contraindicated for him in 2007 or provide details related to his medical condition at that time.

16.     On April 29, 2009, the Roche Defendants removed the case to the U.S. District Court for the Northern District of Illinois, in part requesting that the Court sever the claims against the forum defendants either as dispensable parties or pursuant to the doctrine of fraudulent misjoinder. Plaintiff moved to remand the case. While Plaintiff's motion was pending, the Roche Defendants sought to transfer the case to the then-pending Accutane MDL established by the Judicial Panel on Multidistrict Litigation. Plaintiff opposed the Roche Defendants' motion to transfer the case, because the centralized Accutane MDL litigation did not "involve[] the generic isotretinoin sold under the name Claravis by Barr Laboratories, Inc. which is involved in the instant case."

17.     In the face of the Roche Defendants' motion, Plaintiff filed an emergency motion seeking a court order to dismiss the action immediately. The Court denied Plaintiff's request for an emergency hearing. The Court subsequently remanded the case to the Circuit Court of Cook County, Illinois. The Court ruled that the alleged actions of all of the pharmaceutical defendants (both the Roche Defendants and the Generic Defendants) and the forum medical providers' prescription of the drug were "two factors that caused Livingston to ingest Accutane, which he claims caused inflammatory bowel disease." Accordingly, the Court's remand order found that the forum defendants were not misjoined in the First State Court Action because "[a]lthough the

relevant transactions are somewhat disparate, they are part of the same series of transactions or occurrences." The Court further noted that "determining who is liable in cases such as Livingston's," where both a manufacturer and a physician were sued for personal injury, "depends on a common question of fact -- which defendants had what information. . . . Similarly, determining who, if anyone, is liable in Livingston's case will require a determination of which parties had information regarding Accutane's risks and whether they adequately disclosed that information."

18.     The Accutane MDL has since been terminated after the court twice excluded plaintiffs' sole causation expert witness and those decisions were affirmed by the Eleventh Circuit.

19.     In 2009 and 2010, Plaintiff voluntarily dismissed his claims against Cardinal Health France 404 and Cardinal Health Packaging Services. In August 2011, the remaining Generic Defendants were dismissed from the case.

20.     On May 26, 2016, after approximately seven years of litigation and before being required to disclose expert witnesses, Plaintiff voluntarily dismissed the First State Court Action.

21.     On May 26, 2017, Plaintiff commenced another action (the "Second State Court Action") against Hoffmann-La Roche Inc., Roche Laboratories Inc., David Shanker, M.D., Dermatology CSI, and Lakeshore Surgical Associates, Ltd. by the filing of a Complaint in the Circuit Court of Cook County, Illinois, County Department, Law Division, bearing index No. 2017-L-005396. (Arrigo Decl., Ex. D) No further proceedings have taken place in the Second State Court Action, based upon the Roche Defendants' review of the files from the Cook County Circuit Clerk's Office. (Arrigo Decl., Ex. E)

22.     Defendants Hoffmann-La Roche Inc. and Roche Laboratories Inc. were served with the Complaint on September 21, 2017.  Defendants Dermatology CSI and Lakeshore Surgical Associates, Ltd. were served with the Complaint on September 27, 2017.  Upon information and belief, Defendant David Shanker, M.D., has been served with the Complaint, but Plaintiff has not yet filed a return of service.

**JURISDICTION**

23.     Plaintiff's Complaint is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.  This action may be removed pursuant to 28 U.S.C. § 1441 because: (i) there is complete diversity of citizenship between Plaintiff and the properly joined Roche Defendants; and (ii) this case satisfies the amount in controversy requirement under 28 U.S.C. § 1332(a).

**I.      The Diversity of Citizenship Requirement is Satisfied.**

24.     There is complete diversity of citizenship between Plaintiff and the Roche Defendants.

25.     Upon information and belief, Plaintiff Stephen Livingston is a citizen of Illinois.[2]

26.     Defendant Hoffmann-La Roche Inc. is a corporation incorporated under the laws of the State of New Jersey with its principal place of business in New Jersey.

---

[2] Plaintiff does not allege his citizenship in this Complaint.  Defendant has previously stated that he is a citizen of Illinois.  Plaintiff has also maintained addresses in Ohio.  Should further information show that Plaintiff is a citizen of Ohio, complete diversity of citizenship would exist between Plaintiff and all Defendants.

27.     Defendant Roche Laboratories Inc. is a corporation incorporated under the laws of the State of Delaware with its principal place of business in New Jersey.

28.     Upon information and belief, Defendant David Shanker, M.D., is a citizen of Illinois.

29.     Upon information and belief, Defendant Dermatology CSI is a corporation incorporated under the laws of the State of Illinois, with its principal place of business in Illinois.

30.     Upon information and belief, Defendant Lakeshore Surgical Associates, Ltd. is a corporation incorporated under the laws of the State of Illinois with its principal place of business in Illinois.

31.     The citizenship of Defendants who are dispensable parties or who are fraudulently misjoined may be disregarded for purposes of diversity jurisdiction.  *See, e.g.*, *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999) ("Although plaintiffs are normally free to choose their own forum, they may not join an in-state defendant solely for the purpose of defeating federal jurisdiction.").

**A.     Plaintiff Has Fraudulently Misjoined His Products Liability Claims Against the Roche Defendants with His Medical Malpractice Claims Against the Physician Defendants.**

32.     Diversity jurisdiction exists because Plaintiff has fraudulently misjoined his claims for medical negligence against the Physician Defendants with his products liability claims against the Roche Defendants.

33.     Claims may be joined only if they "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences."  Fed. R. Civ. P. 20.  Where plaintiffs

improperly join parties in a lawsuit, courts must sever the claims against misjoined parties to preserve a removing party's right to removal or dismiss the claims against the nondiverse defendants without prejudice. *See Body Sci. LLC v. Boston Sci. Corp.*, 846 F. Supp. 2d 980, 986 (N.D. Ill. 2012) ("Where parties fail to satisfy either of the requirements for permissive joinder, misjoinder occurs."); *Siemens Aktiengesellschaft v. Sonotone Corp.*, 370 F. Supp. 970, 974 (N.D. Ill. 1973) ("There is no allegation here that the acts of infringement arise out of the same transactions or occurrences or series thereof. The claims of infringement against unrelated defendants involving different acts should be tried against each defendant separately."). Where a plaintiff asserts products liability claims against a pharmaceutical manufacturer and unrelated medical negligence claims against a physician, those claims may not be joined in one action. *See, e.g.*, *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds*, *Cohen v. Office Depot Inc.*, 204 F.3d 1069 (11th Cir. 2000); *In re Rezulin Prods. Liab. Litig.*, 2003 WL 21276425, at *1 (S.D.N.Y. June 2, 2003) (finding that the forum physician had been improperly misjoined because the "claims [against the drug manufacturer] go principally to the safety and efficacy of the drug and have little if anything to do with the malpractice claims"); 14 B Wright & Miller, Federal Practice & Procedure § 3723 (3d ed. 2003) ("Fraudulent misjoinder" is distinct from fraudulent joinder and applies whether or not the plaintiff has a potential cause of action against the misjoined party).

34.    Here, based on the Complaint's allegations, Plaintiff's case against the Roche Defendants revolves around the allegedly defective design and inadequate labeling for Accutane in 1999 and 2004. In contrast to the First State Court Action, there are no claims related to defective design or inadequate labeling of Claravis in 2007, and the manufacturer of Claravis is not named in this suit. In addition, it is now apparent, as it was not at the time the First State

Court Action was remanded, that the alleged malpractice committed by the Physician Defendants relates to the appropriateness of prescribing Claravis to a patient with inflammatory bowel disease and past colon surgery. The allegedly defective design and inadequate labeling claims against the Roche Defendants relate to whether Accutane *causes* inflammatory bowel disease and whether the label reflects that assertion. Accordingly, Plaintiff's allegations regarding his physician's purported malpractice now have no relation to the products liability claims that Plaintiff puts at the center of this litigation. The Court should not permit Plaintiff to rely on an unrelated medical malpractice claim against a different party in order to remain in state court and deny the Roche Defendant their right to remove a case filed by a diverse Plaintiff.

35.     Plaintiff's allegations make clear that the allegations against the Roche Defendants are wholly unrelated to his allegations against the Physician Defendants and do not arise out of the same series of transactions or occurrences:

> a.  <u>Different theories of liability</u>: Plaintiff asserts claims against the Roche Defendants related to Accutane based on theories of strict product liability and negligent failure to warn. *See* Compl. at 1-9 (Counts I-IV). By contrast, Plaintiff asserts claims against the Physician Defendants based on their negligent prescribing behavior. *See id.* at 9-11 (Count V). Plaintiff does not assert that the warnings on Claravis were inadequate or that the manufacturer of Claravis failed to warn the Physician Defendants.

> b.  <u>No overlapping defendants</u>: Plaintiff does not allege that the Roche Defendants are jointly liable with the Physician Defendants for any conduct. Plaintiff can obtain complete recovery from the Roche

Defendants if liability is established, without the participation of the Physician Defendants.

c. <u>Different medications</u>: Plaintiff alleges that he was injured by the Roche Defendants when he ingested Accutane. Compl. 2 ☐ 3, 6 ☐ 3. By contrast, Plaintiff does not allege that the Physician Defendants prescribed him Accutane. *Id.* at 10 ☐ 7. The Physician Defendants prescribed Plaintiff Claravis. Claravis is manufactured by Barr Laboratories, not by the Roche Defendants. Unlike the First State Court Action, where Barr was a named defendant, and hence its actions in making disclosures to the Physician Defendants may have been relevant to the claims against them, here Barr is not a party.

d. <u>Different time periods</u>: Plaintiff alleges that he was injured by the conduct of the Roche Defendants between 1999 and 2004 for prescriptions he ingested between 1999 and 2004. Compl. 2 ☐☐ 3-4, 6 ☐☐ 3-4. By contrast, Plaintiff alleges that he was injured by the Physician Defendants as a result of prescriptions that Plaintiff was prescribed in 2007. *Id.* 10 ☐ 7.

e. <u>Different relevant medical conditions</u>: Based on the discovery taken in the First State Court Action, it is now apparent that Plaintiff's allegations against the Physician Defendants related to the prescription of Claravis to him "at a time when he knew or should have known that it was contraindicated" addresses the fact that Plaintiff had already been

diagnosed with inflammatory bowel disease in 2003 and had his colon removed in 2005, prior to his being prescribed Claravis. His claim against the Physician Defendants rests on the appropriateness of prescribing Claravis to a patient with past inflammatory bowel disease and a past surgical colon removal. In contrast, the allegations against the Roche Defendants relate to the adequacy of the warnings provided regarding gastrointestinal conditions in the context of a patient allegedly without preexisting inflammatory bowel disease.

f.  <u>Different locations</u>: Plaintiff was never prescribed Accutane in Illinois. By contrast, the Physician Defendants prescribed Claravis to Plaintiff in Illinois.

36.  These allegations demonstrate the fraudulent nature of Plaintiff's misjoinder and the Complaint thus violates the requirements of Fed. R. Civ. P. 20. Consequently, the Court must drop or sever the Physician Defendants, which would accord diversity jurisdiction over Plaintiff's claims against the Roche Defendants. *Smado v. Crawford Mfg. Co.*, 111 F.R.D. 415, 418 (N.D. Ill. 1986).

37.  Because there is no reason of necessity, indispensability, or judicial economy which would necessitate joining Physician Defendants, the only reason Plaintiff seeks to join them here is to defeat this Court's jurisdiction.

**B.  The Physician Defendants Are Dispensable Parties That the Court Should Sever from Plaintiff's Claims Against the Roche Defendants.**

16

38.     Even if the Physician Defendants had been properly joined in this action, the Court should use its discretion to sever Plaintiff's unrelated claims against them.  Under Federal Rule of Civil Procedure 21, a court may perfect diversity jurisdiction by dropping a non-diverse and dispensable party at any time.  *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) (noting that "[i]t is well settled that Rule 21 invests district courts with the authority to allow a dispensable nondiverse party to be dropped at any time even after judgment has been rendered"); *accord Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763 (6th Cir. 1999) ("Although we agree that a party may not create diversity by dropping a nondiverse and indispensable party, we note that it is appropriate to drop a nondiverse and dispensable party from litigation in order to achieve diversity."); *Safeco Ins. Co. of Am. v. City of White House*, 36 F.3d 540, 545 (6th Cir. 1994); *Sugar v. Abbott Labs.*, No. 5:06-CV-8000, 2007 WL 1560284 (N.D. Ohio May 29, 2007).  Courts may use Rule 21 to perfect diversity not only in suits originally filed in federal court, but also in those removed from state court.  *Bay Tobacco, LLC v. Bell Quality Tobacco Prods.*, 261 F. Supp. 2d 483, 490 (E.D. Va. 2003).  Additionally, Rule 21 applies to the dismissal of properly joined parties, as well as misjoined parties.  *Safeco*, 36 F.3d at 546.

39.     In determining whether to apply Rule 21, the Court must first determine whether the criteria of Federal Rule of Civil Procedure 19(a) are satisfied.  *Dexia Credit Local v. Rogan*, 604 F. Supp. 2d 1180, 1185 (N.D. Ill. 2009).  "The Court must determine: (1) if in the [party's] absence, complete relief cannot be accorded among those who are already parties; or (2) if the [party] claims an interest relating to the subject of the action and is so situated that disposition of the action in its absence may (i) impair or impede its ability to protect that interest, or (ii) leave any of the persons already joined subject to substantial risk of incurring multiple or otherwise

inconsistent obligations." *Id.* (citing *N. Shore Gas Co. v. Salomon Inc.*, 152 F.3d 642, 647 (7th Cir. 1998)). If the Court finds that a party is necessary, the Court must then determine whether the party is indispensable. To determine whether a party is indispensable, the Court should consider: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or those already parties; (2) whether any prejudice could be lessened or avoided; (3) the adequacy of any judgment rendered in the person's absence; and (4) whether the plaintiff would have an adequate remedy if the action is dismissed for nonjoinder. *See* Fed. R. Civ. P. 19(b); *Todd by Todd v. Merrell Dow Pharms., Inc.*, 942 F.2d 1173, 1176 (7th Cir. 1991) (finding physician who ordered the injection of a drug not indispensable in a products liability case against a drug manufacturer).

40. The Physician Defendants are not necessary parties to Plaintiff's claims against the Roche Defendants. The alleged liability of the Roche Defendants is based on the first four claims raised in the Complaint. The claim Plaintiff raises against the Physician Defendants is separate and distinct from these claims. Plaintiff can obtain complete relief, to the extent any relief is merited, for his claims against the Roche Defendants irrespective of the Physician Defendants' presence in the lawsuit. *See Filippini v. Ford Motor Co.*, 110 F.R.D. 131, 136 (N.D. Ill. 1986) (complete relief can be accorded regarding claims against manufacturer without presence of distributor). Likewise, Plaintiff can obtain complete relief for his claim against the Physician Defendants without regard to the presence of the Roche Defendants.

41. Even if the Physician Defendants were necessary parties to Plaintiff's claims against the Roche Defendants, they are not indispensable parties. Plaintiff seeks no relief from the Physician Defendants based on his claims against the Roche Defendants. And Plaintiff's medical malpractice allegations against these Defendants, differ in all respects — the allegedly

culpable parties, the nature of the allegations, the pertinent time period, and the nature of the damages demanded — from Plaintiff's claims against the Roche Defendants.

42.     The Physician Defendants are not necessary parties to Plaintiff's claims against the Roche Defendants.  Furthermore, the Physician Defendants are not indispensable parties. Therefore, the Court should ignore the citizenship of the Physician Defendants for the purpose of assessing subject-matter jurisdiction and sever Plaintiff's claim against the Physician Defendants.

## II.     The Amount in Controversy Requirement Is Satisfied.

43.     Although the Roche Defendants are not liable in any way and Plaintiff is not entitled to any relief, the amount in controversy exceeds $75,000, exclusive of interest. Although Plaintiff does not allege a specific amount in controversy in his Complaint, when totaled, Plaintiff's allegations demonstrate that he seeks a sum far greater than $75,000.  *See Palmer v. American Coal Co.*, No. 08 C 213, 2008 WL 3200846, at *1 (S.D. Ill. Aug. 7, 2008) ("The face of the plaintiff's complaint supplies the starting point in determining the amount in controversy.") (citing *Shaw v. Down Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993)).

44.     Specifically, Plaintiff seeks a "sum in excess of Fifty Thousand Dollars" against each named Roche Defendant (Hoffmann-La Roche Inc. and Roche Laboratories Inc.) in Counts I-IV (*e.g.*, Compl. 3 □ 8); and "a sum in excess of Fifty Thousand Dollars" against each of the named Physician Defendants (David Shankar, M.D., Dermatology CSI, and Lakeshore Surgical Associates, Ltd.) in Count V (Compl. 11 □ 13).

45.     Where a plaintiff makes an unspecified demand for damages in state court, a removing defendant must only prove by a preponderance of the evidence that the amount in

controversy is more likely than not to exceed the $75,000 jurisdictional requirement. *Hahn v. Pepsico, Inc.*, 350 F. Supp. 2d 758 (N.D. Ill. 2004). Here, when added up, Plaintiff's allegations regarding damages against the Roche Defendants alone amount to far more than $75,000. Notably, Plaintiff could have expressly limited his damages to below $75,000, but did not.

46.     Furthermore, Plaintiff seeks damages to compensate for "various sums of money for medical, surgical, hospital, and other costs and expenses and will continue to incur said costs and expenses in the future." *See* Compl. 7 ☐ 7; *see also Proctor v. Davis*, 682 N.E.2d 1203, 1211 (Ill. App. Ct. 1997) (upholding jury award of $3,047,819.76 in compensatory damages and $124,573,750 in punitive damages in strict product liability case). Given the types of damages alleged by Plaintiff, the number of defendants, and the fact that Plaintiff has not pled a limit to his potential total damage recovery, it is clear that the amount in controversy from the face of the Complaint exceeds $75,000. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 546, 541 (7th Cir. 2006) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.").

47.     In his motion to remand the First State Court Action, Plaintiff acknowledged that "[t]here is no dispute as to satisfaction of the amount in controversy requirement set forth in 28 U.S.C. § 1332(a)." *Motion to Remand*, No. 1:09-cv-02611, Dkt. 13, at ☐ 2 (N.D. Ill. May 22, 2009).

48.     Accordingly, Plaintiff's Complaint satisfies the amount in controversy requirement for removal under 28 U.S.C. §§ 1441 and 1446.

**III.     All Procedural Requirements for Removal Have Been Satisfied.**

49.     This Notice is filed within one year of the commencement of this action.

50.     This Notice is filed within thirty days of service on Defendants Hoffmann-La Roche Inc. and Roche Laboratories Inc.

51.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

52.     The consent of the Physician Defendants is not required, because they are fraudulently misjoined to this action. *See Fellhauer v. City of Geneva*, 673 F. Supp. 1445, 1447 n.4 (N.D. Ill. 1987) ("The unanimous consent or joinder of all defendants is not required where the non-joining defendant is either an unknown or nominal party, or where a defendant has been fraudulently joined.").

53.     In accordance with 28 U.S.C. § 1441(a), removal is made to this Court as the district and division embracing the place where the Second State Court Action is pending.

54.     In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon the Roche Defendants in the Second State Court Action are attached hereto as Exhibit D.

55.     The Roche Defendants reserve the right to amend or supplement this Notice of Removal, and reserve all of their defenses.

56.     In accordance with 28 U.S.C. § 1446(d), the Roche Defendants are providing Plaintiff, by and through his counsel, with written notice of the filing of this Notice of Removal. In addition, the Roche Defendants are filing a copy of this Notice of Removal with the Circuit Court of Cook County, Illinois, County Department, Law Division, thereby effecting the removal of this action to this Court.

**WHEREFORE**, having fulfilled all statutory requirements, Hoffmann-La Roche Inc. and Roche Laboratories Inc. hereby give notice that Case. No. 2017-L-005396 pending in the Circuit Court of Cook County, Illinois, County Department, Law Division, is removed to this Court.

Dated: October 23, 2017.

Respectfully submitted,


_____/s/Sherri M. Arrigo_____
Sherri M. Arrigo, #6236640
Timothy L. Hogan, #6277672
Donohue Brown Mathewson & Smyth LLC
140 South Dearborn Street, Suite 800
Chicago, IL 60603
Telephone: (312) 422-9930
Facsimile: (312) 422-0909
sherri.arrigo@dbmslaw.com
timothy.hogan@dbmslaw.com

*Attorneys for Defendants Hoffmann-La Roche Inc. and Roche Laboratories Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that a true and correct copy of the foregoing

NOTICE OF REMOVAL has been served by facsimile or Federal Express, postage prepaid, on

the following counsel of record, on this 23rd of October, 2017:

> John J. MacInerney
> Hofeld and Schaffner
> 30 North LaSalle Street
> Suite 3120
> Chicago, IL 60602

/s/Sherri M. Arrigo