JM:dd

NOTICE OF FILING

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| STEPHEN LIVINGSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09 L 4483 |
| ) | |
| HOFFMANN-LA ROCHE, INC., a corporation, ROCHE ) | |
| LABORATORIES, INC., a corporation, ) | |
| ROCHE HOLDING, LTD., a corporation, ) | |
| BARR LABORATORIES, INC., ) | |
| a corporation, CARDINAL HEALTH 409, INC. a ) | |
| corporation; CATALENT PHARMA SOLUTIONS ) | |
| INC., a corporation, MYLAN BERTEK ) | |
| PHARMACEUTICALS, INC., a corporation, BARR ) | |
| PHARMACEUTICALS, INC., a corporation, ) | |
| BARR PHARMACEUTICALS, LLC, a limited liability ) | |
| company, TEVA PHARMACEUTICALS USA, INC., ) | |
| a corporation, TEVA PHARMACEUTICAL ) | |
| INDUSTRIES, LTD., a corporation, ) | |
| DAVID SHANKER, M.D., ) | |
| DERMATOLOGY CHICAGO d/b/a ) | |
| DERMATOLOGY CSI, an Illinois corporation, ) | |
| LAKESHORE SURGICAL ASSOCIATES, LTD., ) | |
| a limited partnership, ) | |
| Defendants. ) | |

## NOTICE OF FILING

TO: All Attorneys of Record
See Attached Service List

PLEASE TAKE NOTICE that on the 6th day of October 2010, we filed with the Clerk of the Circuit Court of Cook County, Illinois, **Plaintiff's Answers to Defendants Barr and Barr Laboratories first set of Interrogatories**, a copy of which is attached hereto.

| | | | | |
|---|---|---|---|---|
| **Name** | HOFELD AND SCHAFFNER | **Attorney for** | Plaintiff | |
| **Address** | 30 N. LaSalle St., #3120 | **City** | Chicago, IL 60602 | |
| **Telephone** | (312) 372-4250 | **Attorney No.** | 24667 | |

## PROOF OF SERVICE

I, Danielle Daker, a non-attorney certify; that I served this Notice by mailing a copy of same, together with a copy of the pleading(s) to which it refers to each person to whom it is directed at their respective addresses, by placing same in envelopes correctly addressed as foresaid, first class postage, and depositing same in the U.S. mail and faxing at 30 N. LaSalle Street, Chicago, Illinois 60602, by 5:00 p.m. on October 6, 2010 with proper postage prepaid.

[X] Under penalties as provided by law pursuant to ILL.REV.STAT. CHAP 110-SEC 1 - 109
I certify that the statements set forth herein are true and correc

Exhibit A

# SERVICE LIST

Livingston vs. Hoffman-LaRoche, et al.
Court No. 09 L 4483

### Attorneys for Hoffman –La Roche, Inc. and Roche Laboratories, Inc
Sallie G. Smylie, P.C.
Joseph M. Russell
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Paul W. Schmidt
Covington & Burling, LLP
1201 Pennsylvania Avenue NW
Washington, DC 20004

### Attorneys for Mylan Bertek Pharmaceuticals, Inc.
Peter Tomaras
Wildman, Harrold Allen & Dixon
225 W. Wacker Drive, Suite 3000
Chicago, IL 60606

### Attorneys for David Shanker, M.D.
Robert P. Huebsch
Querrey & Harrow, Ltd.
175 W. Jackson Blvd.
Suite 1600
Chicago, IL 60604

### Attorneys for Defendant, Barr Pharmaceuticals, LLC f/k/a Barr Pharmaceuticals, Inc. and Barr Laboratories, Inc.
Erica Tukel Wax
Peter R. Sonderby
500 W. Madison St.
Suite 3600
Chicago, IL 60661


Michael J. Suffern
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202

**Attorney for Defendant, Catalent Pharma Solutions**
Stephanie Scharf
George Sax
Schoeman Updike Kaufman & Scharf
333 W. Wacker Drive, Suite 300
Chicago, IL 60606

**Attorney for Defendant, Roche Holding, Ltd.**
Donald J. Brown
George K. Samuel
Donohue Brown Mathewson & Smyth
140 S. Dearborn Street
Suite 800
Chicago, IL 60603

JJM/dd                                                          Attorney Code: 24667

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| STEPHEN LIVINGSTON, ) | Case No. 09 L 4483 |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | |
| ) | |
| HOFFMAN-LA ROCHE, INC., *et. Al.*, ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFF'S ANSWER TO DEFENDANT BARR LABORATORIES, INC. AND BARR PHARMACEUTICALS, LLC FIRST SET OF INTERROGATORIES

Pursuant to Illinois Supreme Court Rule 213, Stephen Livingston, by and through their attorneys, HOFELD AND SCHAFFNER, answer the following set of Interrogatories propounded by Barr Laboratories, Inc.'s and Barr Pharmaceuticals, LLC. States as follows:

1.  Provide any names by which Plaintiff has ever been known, his social security number, his birth date, his current address, and all his prior residences within the past twenty years, including the dates of residence and identify each person with whom Plaintiff resides or has resided.

ANSWER:
Stephen Garritt Livingston
392-92-XXXX
9/21/1981
5556 N. Sheridan Rd, #205 Chicago, Illinois 60640

Prior addresses:

Plaintiff previously resided at:

    1615 N. Hudson Avenue
    Chicago, Illinois 60614 (approx. 6/08-11/08)

    1508 N. Elk Grove Avenue
    Chicago, Illinois 60622 (approx. 6/07-6/08)

1

2145 N. Fremont Avenue
Chicago, Illinois 60614 (approx. 6/06-6/07)

5402 Bridge Avenue
Cleveland, Ohio 44102 (approx. 11/05-6/06)

Investigation continues as to addresses prior to November 2005.

2. Identify all of Plaintiff's current and former spouses, the beginning and end dates of any marriage(s), and identify any children born to Plaintiff and provide their dates of birth.

ANSWER: Plaintiff is married to Jennifer Livingston.
They were married on April 24, 2010.

3. Identify all of plaintiff's employers for the past twenty years, stating as to each: (a) a detailed description of the nature of the employment; (b) the dates of employment, at each respective job; (c) rate of compensation at each job; (d) the name of plaintiff's immediate supervisor for each job; and (e) the reason such employment ended.

ANSWER: William Blair & Company
222 W. Adams Street
Chicago, Illinois 60606
Plaintiff researched stocks, approximately 50 hours per week.

 June 2006-August 2007
 Research Associate
 Supervisor: William Benton

 August 2007-January 2010
 IM Research Associate
 Supervisor: Rita Spitz

 January 2010—present
 Research Analyst
 Supervisor: Mark Leslie

FTN Midwest Securities
Cleveland, Ohio
Plaintiff researched stocks, approximately 50 hours per week.

 May 2005-June 2006
 Plaintiff left FTN to accept job with William Blair & Company in Chicago, IL.

UBS Financial Services
Columbus, Ohio
Plaintiff was involved with investment advisory work, approximately 40 hours per week

February 2004—May 2005
Plaintiff left to work for FTN Midwest Securities

Investigation continues as to employment prior to February 2004.

4. Identify all schools, vocational institutions, tutoring facilities or other academic/educational facilities ever attended by Plaintiff, including as to each: (a) dates of attendance, (b) whether Plaintiff graduated from each institution, (c) the degree or certificate received, and (d) the date of graduation or completion of the program of study or training.

ANSWER: September 2008 – current; University of Chicago Booth School of Business
June 2001 – February 2004; Ohio State University, Bachelor's Degree
September 1999 – December 2000; University of Wisconsin – Oshkosh, Oshkosh, WI
September 1996 – June 1999; Oshkosh West High School, Oshkosh, WI High School Diploma
September 1993 – June 1996; Tipler Middle School, Oshkosh, WI
September 1991 – June 1993; Oakwood Elementary School, Oshkosh, WI
September 1900 – June 1991; Schaumburg Christian School, Schaumburg, IL
September 1987 – June 1990; Streamwood Elementary School, Streamwood, IL

5. Identify all Internet Service Provider(s), text messaging services, electronic bulletin board sites, or social networking sites utilized by Plaintiff in the three years preceding his injury and after his injury until the present, and identify any and all screen name(s) and password(s) used by Plaintiff during these periods.

ANSWER: Objection. This interrogatory seeks information that is not relevant and not likely to lead to the discovery of admissible evidence. Further, this interrogatory is an unreasonable invasion of privacy.

6. Please state whether Plaintiff has ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter and if so, state whether Plaintiff was a plaintiff or defendant, the nature of the action and its disposition, and the date and court in which such suit was filed.

ANSWER: No.

7. Please identify any claim or demand for compensation other than a lawsuit that Plaintiff has ever made, including, without limitation, any claim for person injury, occupational

injury, workers' compensation, unemployment benefits, Veteran's Administration or Social Security Administration benefits, or any other agency or disability benefits. For each such claim or demand, state the name and address of the person or entity against whom or which the claim or demand was asserted; the name and address of the insurance company, if any, which adjusted the claim or demand; the name and address of the administrative body, if any, in which the claim or demand was pursued or asserted, with the action number, if any; a description of the basis of the claim or demand, and the disposition.

ANSWER: None.

8. Identify all Health Care Providers that treated, examined, or consulted with Plaintiff in the last twenty years, including the dates of such treatment, examination, or consultation and the reasons for such treatment, examination, or consultation and identify all Health Care Facilities in which Plaintiff has received treatment or an examination for any purpose in the past twenty years, and state the date and reasons for such treatment or examination.

ANSWER: Objection. This interrogatory seeks information that is protected from discovery by the Mental Health and Developmental Disabilities Confidentiality Act. Plaintiff does not anticipate making a claim for psychiatric/psychological injury. Subject to, and without waiving said objection, plaintiff received medical care from the following providers:

    Cleveland Clinic (V. Fazio M.D., Ian Levery M.D.)
    Euclid Avenue
    Cleveland, Ohio 44195
    8/18/2004, 8/19/2004, 8/23/2004, 8/26—8/30/2004, 2/23/2005, 2/2/4—3/1/2005, 10/27/2005, 2/23/2006, 2/27—3/1/2006, 2/27—3/1/2006, 5/17/2007, 5/18/2007. Ulcerative Colitis Ileitis.

    Ohio State University Medical Center (James Caldwell, M.D., Fred Thomas, M.D.)
    Columbus, Ohio 43210
    7/10/2003, 7/21/2003, 7/31/2003, 8/26/2003, 9/11/2003, 10/14/2003, 10/28/2003, 1/12/2004, 2/5/2004, 3/29/2004, 8/1/2004—8/12/2004. Ulcerative Colitis

    Edward Lane, M.D.
    Metropolitan Health Center
    8/1/2002, 7/8/2003
    Breast mass, acne, bloody diarrhea

    LaSalle Clinic
    1855 S. Koeller St.
    Osh Kosh, Wisconsin, 54901

5/8/1991, 10/14/1991, 7/15/1992, 3/30/1993, 6/2/1994, 6/14/21994, 1/6/1994, 4/16/2000, 5/29/2001.
See records for the various physician's names and reasons for care.

Central Ohio Skin & Cancer
Columbus, Ohio
10/25/2004, 7/19/2004, 6/18/2004, 5/7/2004, 3/31/2004, 2/2/72004, 1/21/2004
Neal Mastruserio, M.D.
Acne

Mercy Medical Center
500 South Oakwood Road
Osh Kosh, Wisconsin 54904
10/23/1999 (Mark Moore, M.D.) Sore throat.
1/10/1991 Concussion

Alan Bain, D.O.
55 E. Washington
Chicago, Illinois 60602
1/10/2008
Cough/cold

David Wacker, M.D.
W 180 N. 7950 Town Hall Road
Menomonee Falls, Wisconsin 43212
9/15/2003, 6/10/2003, 6/23/1999
Acne

David Shanker, M.D.
25 E. Washington
Chicago, Illinois 60602
03/15/2007—07/23/2008

Investigation continues.

9. Identify all prescription drugs Plaintiff has been prescribed in the past twenty years and identify all pharmacies where Plaintiff had any such prescriptions filled.

ANSWER: Plaintiff refers defendants to the records of his Health Care Providers including those set forth in Answer to Interrogatory No. 6, which document the names of the drugs and medications, the dates prescribed, and the prescribing physicians.

Investigation Continues.

10. Identify all injuries, complaints, symptoms, or adverse reactions Plaintiff attributes to his use of Claravis and state all facts that support his claim that Claravis caused or contributed to any injury, complaint, symptom, or adverse reaction experienced by him.

ANSWER: Objection. Plaintiff is not a physician and is not qualified to opine or testify as to what injuries, complaints, symptoms etc. were or were not caused by Claravis. Plaintiff will present expert witnesses on the issue of what injuries Claravis caused or contributed to cause. Subject to, and without waiving said objection, see Complaint at Law.

11. For any injuries, complaints, symptoms, or adverse reactions that Plaintiff believes are related to his use of Claravis or any other isotretinoin product, identify any Health Care Provider with whom Plaintiff discussed a possible relationship between his use of Claravis or any other isotretinoin product and any such injuries, complaints, symptoms or adverse reactions and describe the contents of any such discussion.

ANSWER: See Answer to Interrogatory No. 10, above. Plaintiff did not discuss a possible relationship between Claravis or isotretinoin and any injury with any Health Care Provider.

12. With respect to Plaintiff's alleged use of Claravis or any other isotretinoin product state the following: (a) dates on which product was ingested; (b) the dosage prescribed; (c) the dosage of the product actually used; (d) the frequency and time of day ingested; (e) who prescribed the product; (f) the dates each prescription was filled or re-filled; (g) the condition each prescription was intended to treat or manage; (h) and the pharmacy, including the address, where the product was purchased.

ANSWER: This information is contained in Plaintiff's medical records. With regard to Accutane, Plaintiff took 40 mg per day from approximately June 8, 1999 to approximately August 3, 1999. He took 20 mg per day from approximately August 3, 1999 to approximately September 7, 1999. Plaintiff took 40 mg per day from approximately September 7, 1999 through approximately October 28, 1999. The prescriptions were filled at Shopko Pharmacy on July 15, 1999, August 3, 1999, and August 31, 1999. The prescriptions were filled at Walgreens on September 7, 1999 and October 18, 1999.

Plaintiff took 40 mg per day from approximately January 28, 2004 to approximately March 31, 2004. Plaintiff took 80 mg per day from approximately March 31, 2004. Plaintiff took 80 mg per day from approximately March 31, 2004 to approximately May 7, 2004. Plaintiff discontinued Accutane because he was provided the generic isotretinoin, Amnesteem. Plaintiff continued taking 80 mg per day of Amnesteem from approximately May 7, 2004 into July 2004. The prescriptions were filled at CVS.

6

Plaintiff took Claravis from July 2007 to November 2007

13. If any isotretinoin product, including the containers, packages, or blister packs, have been retained, identify each person in possession of each product, state the quantity of each product that has been retained, and describe each product that has been retained.

ANSWER: Investigation Continues.

14. State the extent of, both oral and written, instructions, warnings, or other information given to you by the Health Care Provider(s) who prescribed isotretinoin product(s) for you, by the pharmacist(s) who filled your prescription(s) for isotretinoin product(s) or by anyone else, with regard to your use of isotretinoin products. If instructions, warnings, or other information were provided to you, identify the person(s) who did so and state when the information was given to you and whether the information was given to you orally or in writing.

ANSWER: Plaintiff was instructed by the prescribing physicians how much isotretinoin to take, how to take it, and why he was being prescribed isotretinoin.

Investigation continues.

15. Identify Plaintiff's grandparents, parents, siblings, aunts, uncles, and cousins and describe any medical conditions from which they suffer or have suffered.

ANSWER: Jerome Livingston (father)
Princiss Arthur (mother)
Brad Livingston (brother)
Cleona Arthur (maternal grandmother)
Art Arthur (maternal grandfather)
Scott Arthur, Matt Arthur, John Arthur, Meridith Arthur, Jennifer Mueller, Andrea Broker, Chad Livingston (cousins)
Judy Mierow, Joann Livingston (aunts)
Jim Livingston, John Livingston, Jeff Livingston, Ricci Arthur, Rod Arthur, Todd Arthur (uncles)
Plaintiff's father suffered from arthritis and tuberculosis. Plaintiff does not have knowledge of any other medical condition from which his relatives may have suffered from.

Investigation continues.

16. State whether Plaintiff contend any person or entity other than Barr bears any responsibility for his damages, and if so, the basis for such contention.

ANSWER: Yes. See Complaint at Law.

17. Itemize in complete detail every item of expense or damage Plaintiff claims to have incurred as a result of the incident described in Plaintiff's First Amended Complaint. Include for each item the amount claimed, date incurred, the name and business address to whom each amount was paid, if any, and the goods or services for which each amount was incurred. IF Plaintiff is claiming lost income, benefits or future earning capacity as a result of the injuries and damages alleged in Plaintiff's First Amended Complaint, state the periods for which the loss of income or future earnings is claimed, and describe the method used in computing the amount. If Plaintiff is not yet aware of every item of expense or damage Plaintiff claims to have incurred, please identify every item of expense or damage of which Plaintiff is currently aware.

ANSWER: Plaintiff has requested his complete medical bills from all providers and these will be provided to defendant upon receipt. Plaintiff has not yet determined whether he will be claiming loss of future earning capacity as this depends upon what qualified medical witnesses may testify to regarding his prognosis and future medical needs. If plaintiff advances a claim due to impaired future earning capacity he will disclose the basis of such a claim pursuant to Supreme Court Rule 213 and pursuant to order of court.

Investigation continues.

18. Identify and describe all documents and oral or written communications including, but not limited to, advertisements, patient prescription information sheets, package inserts, brochures, pamphlets, radio or television broadcasts, internet websites, and articles that relate or refer to Claravis or any other isotretinoin product that Plaintiff has reviewed or heard. For each, identify the source of such document or communication, and the date the information was provided.

ANSWER: Plaintiff read materials provided by the pharmacy accompanying the Accutane/isotretinoin that he received in 1999 and 2004 and 2007. Since 2007 he has seen isotretinoin and Accutane referenced in the newspaper.

19. Identify by name and addresses all persons believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues raised in this lawsuit. In responding to this interrogatory, please also state (a) the subject matter of each person's knowledge, and (b) provide a summary of your understanding of each person's knowledge concerning the issues in this case.

ANSWER: Plaintiff's immediate family, friends, health care providers, and attorneys.

20. Identify all fact and lay witnesses Plaintiff intends to present at trial in this matter and identify the subjects on which the witness will testify.

ANSWER: Undetermined at this time. Plaintiff will answer Supreme Court Rule 213 Interrogatories pursuant to order of Court.

21. Pursuant to Ill. Sup. Ct. R. 213(f)(2) and (3), identify all independent and controlled expert witnesses Plaintiff intends to present at trial in this matter and identify the subject matter on which the witness will testify and the conclusions and the opinions of the witness. Furthermore, for controlled expert witnesses, identify (a) the bases for the conclusions and opinions of the witness, (b) the qualifications of the witness, and (c) any reports prepared by the witness about the case.

ANSWER: Undetermined at this time. Plaintiff will answer Supreme Court Rule 213 Interrogatories pursuant to order of Court.

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF COOK       )


I, STEVE LIVINGSTON, plaintiff in the above-entitled case, on oath, depose and state, that I have read the foregoing Answers to Interrogatories and believe that they are true and correct to the best of my knowledge.

_____

SUBSCRIBED and SWORN TO
before me this 10th day
of October, 20 10.

_____
NOTARY PUBLIC

OFFICIAL SEAL
DANIELLE DAKER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:12/18/11