# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STEPHEN LIVINGSTON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HOFFMANN-LA ROCHE INC., ) <br> ROCHE LABORATORIES, INC., ) <br> DAVID SHANKER, M.D., ) <br> DERMATOLOGY CHICAGO d/b/a, ) <br> DERMATOLOGY CSI, LAKESHORE ) <br> SURGICAL ASSOCIATES, LTD., ) <br> ) <br> Defendants. ) | No. 17 C 7650 <br> Hon. Marvin E. Aspen |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is Defendants Hoffman-La Roche Inc. and Roche Laboratories Inc.'s (collectively, the "Roche Defendants") motion to dismiss the claims against them for lack of personal jurisdiction. (Mot. to Dismiss ("Mot.") (Dkt. No. 13).) Plaintiff Stephen Livingston filed this action in the Circuit Court of Cook County, Illinois on May 26, 2017, alleging he suffered personal injuries after ingesting brand-name and generic isotretinoin, a prescription medication used for the treatment of acne. (*See* Compl. (Dkt. No. 5–4).) The Roche Defendants removed this case to federal court on October 23, 2017 pursuant to 28 U.S.C. §§ 1332 and 1441, arguing complete diversity exists between Plaintiff and the Roche Defendants, and asserting the remaining defendants have been fraudulently misjoined. (*See* Notice of Removal (Dkt. No. 1) ¶¶ 5–6.) For the reasons set forth below, we grant the Roche Defendants' motion to dismiss for lack of personal jurisdiction without prejudice.

**BACKGROUND**

The Roche Defendants manufactured, distributed, and marketed the prescription acne medication Accutane, the generic name for which is isotretinoin, for use in treating severe recalcitrant nodular acne. (Notice of Removal ¶ 7.) Hoffman-La Roche Inc. is a corporation incorporated under the laws of the state of New Jersey with its principal place of business in New Jersey. (*Id.* ¶ 26.) Roche Laboratories Inc. is incorporated under the laws of the state of Delaware with its principal place of business in New Jersey. (*Id.* ¶ 27.)

Plaintiff alleges he was prescribed and took Accutane to treat his acne in 1999 and 2004. (Compl. at 1–8.) He received two Accutane prescriptions in 1999 from physicians in Oshkosh, Wisconsin, where he also filled his prescriptions and received medical care. (*See* Mot. at 3; *see also* Notice of Removal ¶ 8; Compl. at 2.) Plaintiff was again prescribed Accutane in 2004 by his physician in Columbus, Ohio, where he resided at the time. (Mot. at 4; *see also* Notice of Removal ¶ 8; Compl. at 6.) Although not at issue in this lawsuit, he also received isotretinoin in 2004 in the form of Amnesteen, a generic version of isotretinoin manufactured by Mylan Bertek Pharmaceuticals, Inc. (Notice of Removal ¶ 8.)

In 2003, Plaintiff developed a gastrointestinal condition known as inflammatory bowel disease. (*Id.* ¶ 10.) By 2005, his disease had progressed such that he had a surgical procedure to remove his colon. (*Id.*) Plaintiff alleges the Roche Defendants defectively manufactured and designed Accutane "in a way that when properly used as prescribed could cause inflammatory bowel disease in patients without a prior history of intestinal disorders." (Compl. at 3–8.) He also asserts the Roche Defendants failed to warn physicians and patients of the risk of developing inflammatory bowel disease associated with using Accutane. (*Id.*)

After receiving two courses of treatment of Accutane and after having surgery to remove his colon, Plaintiff moved to Illinois in 2006. (Mot. at 4.) In 2007, Plaintiff received a prescription for generic isotretinoin in the form of Claravis. (*See* Compl. at 10–11; Mot. at 4.) Plaintiff alleges he was prescribed Claravis by Defendant David Shanker, M.D. (Compl. at 10.) Dr. Shanker was employed at the time by Defendants Dermatology CSI d/b/a Dermatology Chicago and Lakeshore Surgical Associates, Ltd., all of whom are citizens of Illinois. (*Id.* at 4; Notice of Removal ¶¶ 9, 28–30.) Plaintiff alleges the Physician Defendants negligently prescribed isotretinoin, because they should have known that it was contraindicated for Plaintiff given his medical history. (Compl. at 9.) Plaintiff also alleges the Physician Defendants failed to advise of the risks, dangers, and symptoms associated with the use of isotretinoin. (*Id.*)

Plaintiff filed this action in the Circuit Court of Cook County, Illinois on May 26, 2017.[1] Plaintiff's complaint asserts four separate claims against the Roche Defendants for strict liability and negligence relating to the allegedly defective design and inadequate labeling of Accutane. (*Id.* at 1–8.) Plaintiff also alleges a medical negligence claim against the Physician Defendants, contending they negligently prescribed Claravis in 2007. (*Id.* at 9–11.) The Roche Defendants were served with the complaint on September 21, 2017. (Notice of Removal ¶ 22.) No proceedings took place in the state court proceeding before the Roche Defendants removed the

---

[1] Plaintiff previously commenced an action against the Roche Defendants and the Physician Defendants in the Circuit Court of Cook County on April 15, 2009. (Notice of Removal ¶ 14.) The lawsuit named several additional defendants, including Mylan Bertek Pharmaceuticals, Inc., the manufacturer of Amnesteem; Cardinal Health France and Cardinal Health Packaging Services, the distributors of Amnesteem; and Barr, the manufacturer of Claravis. (*Id.*) The Roche Defendants removed the case to this Court on April 29, 2009, and sought transfer to the then-pending Accutane MDL established by the Judicial Panel on Multidistrict Litigation. *See Livingston v. Hoffmann-La Roche, Inc.*, No. 09 C 2611, 2009 WL 2448804, at *1 (N.D. Ill. Aug. 6, 2009). The Court granted the plaintiff's motion to remand and the case returned to state court. *Id.* at *9. Plaintiff eventually voluntarily dismissed the action. (Notice of Removal ¶ 20.)

case to federal court on October 23, 2017. (*Id.* ¶ 21.) Plaintiff was served with written notice of the removal, and the Roche Defendants filed a copy of the Notice of Removal with the Circuit Court of Cook County, Illinois. (*Id.* ¶ 56.)

On December 8, 2018, the Roche Defendants filed the instant motion to dismiss for lack of personal jurisdiction. (*See* Mot. at 1–2.) They contend that they are neither "at home" in Illinois, nor has Plaintiff alleged any substantial connection between the Roche Defendants' alleged injurious conduct and the forum. (*Id.*) They argue Plaintiff was not prescribed Accutane in Illinois, he did not use Accutane in Illinois, he was not injured by Accutane in Illinois, and his claims do not arise out of any alleged activity by the Roche Defendants in Illinois. (*Id.*) Accordingly, the Roche Defendants assert they are not subject to personal jurisdiction in Illinois, and we should dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(2). (*Id.*)

On December 20, 2017, we entered a briefing schedule on the Roche Defendants' motion to dismiss. (Dkt. No. 15.) Plaintiff's response brief was due by January 8, 2018, and the Roche Defendants' reply brief was due by January 18, 2018. (*Id.*) On January 18, 2018, with no response having been filed, the Roche Defendants filed a reply brief. (Dkt. No. 16.) To date Plaintiff has neither filed a response brief nor moved for an extension of time to do so.

## LEGAL STANDARD

If a court lacks personal jurisdiction over a party to an action, it must dismiss the case as to that party. Fed. R. Civ. P. 12(b)(2). A complaint need not include facts alleging personal jurisdiction, but when a defendant moves to dismiss under Rule 12(b)(2), the plaintiff bears the burden of demonstrating personal jurisdiction over the defendant. *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014); *Purdue Research*

4

*Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). In determining whether personal jurisdiction exists, we accept all well-pleaded allegations in the complaint as true. *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012). The court may consider affidavits or other evidence in opposition to or in support of its exercise of jurisdiction. *Purdue Research*, 338 F.3d at 783. "[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Id.* We resolve factual disputes in the plaintiff's favor, but unrefuted assertions by the defendant will be accepted as true. *GCIU-Emp'r Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009).

## ANALYSIS

Plaintiff failed to file a response brief opposing the Roche Defendants' motion to dismiss, and he has not filed anything in this court during the more than four months since it was removed. Defendants' motion is therefore unopposed. For the reasons that follow, the Roche Defendants' motion to dismiss for lack of personal jurisdiction is well-supported and will be granted.

### I. SUBJECT MATTER JURISDICTION

The Roche Defendants allege this matter was properly removed pursuant to 28 U.S.C. § 1441 because there is "complete diversity of citizenship between Plaintiff and the properly joined Roche Defendants," and the amount in controversy requirement is satisfied under 28 U.S.C. § 1332. (Notice of Removal ¶ 23.) They argue that although the Physician Defendants are citizens of Illinois, their citizenship should be disregarded for purposes of diversity jurisdiction under the fraudulent misjoinder doctrine. (*Id.* ¶¶ 24–31.) The Roche Defendants contend Plaintiff fraudulently misjoined the medical negligence claims against the

5

Physician Defendants relating to Plaintiff's Claravis prescription with the unrelated products liability claims against the Roche Defendants relating to Plaintiff's ingestion of Accutane. (*Id.* ¶ 32.)

"Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter, but there are circumstances in which a district court appropriately accords priority to a personal jurisdiction inquiry." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578, 119 S. Ct. 1563, 1567 (1999); *see also Vt. Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 779, 120 S. Ct. 1858, 1866 (2000) (stating without personal jurisdiction, the court is powerless to proceed to adjudication). Federal district courts thus have discretion to dismiss a removed case for lack of personal jurisdiction without first making a subject-matter jurisdiction determination. *Ruhrgas AG*, 526 U.S. at 578, 119 S. Ct. at 1567; *see also Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014) (explaining federal courts are "entitled to entertain a threshold non-merits question, such as personal jurisdiction, at the outset of a case"). "Where . . . a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction." *Ruhrgas AG*, 526 U.S. at 588, 119 S. Ct. at 1572.

The Roche Defendants have raised at least a colorable fraudulent misjoinder (also known as "procedural misjoinder") argument as grounds for the court's subject matter jurisdiction, alleging the plaintiff egregiously misjoined the unrelated claims of non-diverse defendants. *See, e.g.*, *Reeves v. Pfizer*, Inc., 880 F. Supp. 2d 926, 927–28 (S.D. Ill. 2012) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996)). However, neither the

6

Seventh Circuit nor the United States Supreme Court has considered the validity of the fraudulent misjoinder doctrine. *See id.*; *Bahalim v. Ferring Pharm., Inc.*, No. 16 C 8335, 2017 WL 118418, at *4 n.1 (N.D. Ill. Jan. 12, 2017); *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prod. Liab. Litig.*, 779 F. Supp. 2d 846, 853–56 (S.D. Ill. 2011). Moreover, as we have previously observed, numerous district courts have considered and declined to follow the doctrine based on its lack of clarity and ease of implementation, among other reasons. *Livingston*, 2009 WL 2448804, at *8; *see also, e.g.*, *Baker v. Johnson & Johnson*, 709 F. Supp. 2d 677, 686 (S.D. Ill. 2010) (stating "courts have struggled with virtually every aspect of the meaning and scope of the doctrine"); *Wolf v. Kennelly*, 540 F. Supp. 2d 955, 962 (N.D. Ill. 2008) (observing "the doctrine of procedural misjoinder adds a further level of complexity—and additional litigation—to a federal court's decision regarding removal jurisdiction" (internal citation omitted)); *Alegre v. Aguayo*, No. 06 C 5744, 2007 WL 141891, at *5 (N.D. Ill. Jan. 17, 2007) (declining to follow the doctrine and "stress[ing] the currently muddled state of fraudulent misjoinder jurisprudence and the resulting impact on ease of application of jurisdictional rules"); *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 850–55 (S.D. Ill. 2006) (detailing the "enormous judicial confusion engendered by the doctrine" and concluding "no clear standards for the application of the doctrine have emerged").

On the other hand, the personal jurisdiction issue raised by the Roche Defendants is straightforward and does not present "a complex question of state law." *Ruhrgas AG*, 526 U.S. at 588, 119 S. Ct. at 1572. Accordingly, "it would not offend principles of federalism to address that question first before addressing the more 'difficult and novel' subject matter jurisdiction question." *In re Testosterone Replacement Therapy Prod. Liab. Litig. Coordinated Pretrial Proceedings*, 164 F. Supp. 3d 1040, 1046 (N.D. Ill. 2016) (quoting *Ruhrgas AG*,

526 U.S. at 588, 119 S. Ct. at 1572). Because Plaintiff has clearly failed to meet his burden of establishing personal jurisdiction over the Roche Defendants, we exercise our discretion in deciding that issue first.

## II. PERSONAL JURISDICTION

A federal court in Illinois has personal jurisdiction over a plaintiff's state law claims if an Illinois court would have jurisdiction. *Purdue Research*, 338 F.3d at 779; Fed. R. Civ. P. 4(k)(1)(A) (in order to establish personal jurisdiction, the defendant must be "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located"). The Illinois long-arm statute governs the exercise of personal jurisdiction by an Illinois court over nonresidents such as the Roche Defendants. *Russell v. SNFA*, 2013 IL 113909, ¶ 29, 987 N.E.2d 778, 784 (Ill. 2013). "A state's exercise of personal jurisdiction is also subject to the demands of the Fourteenth Amendment's due process clause. Because Illinois permits personal jurisdiction if it would be authorized by either the Illinois Constitution or the United States Constitution, the state statutory and federal constitutional requirements merge." *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 425 (7th Cir. 2010); *accord N. Grain Mktg.*, 743 F.3d at 492 ("Thus, the statutory question merges with the constitutional one—if Illinois constitutionally may exercise personal jurisdiction over a defendant, its long-arm statute will enable it to do so.").

"A forum state's courts may not exercise personal jurisdiction over a nonconsenting, out-of-state defendant unless the defendant has 'certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *N. Grain Mktg.*, 743 F.3d at 492 (quoting *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945)). There are

8

"two types of personal jurisdiction: 'general' (sometimes called 'all purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1780 (2017); *see also Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014). We address each in turn.

### A. General Jurisdiction

A court may assert general jurisdiction over corporations where their "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851 (2011) (quoting *Int'l Shoe*, 326 U.S. at 317, 66 S. Ct. at 158). "Unlike specific jurisdiction, general jurisdiction allows a defendant to be sued in the forum regardless of the subject matter of the litigation." *Purdue Research*, 338 F.3d at 787; *see also Bristol-Meyers Squibb*, 137 S. Ct. at 1780 ("A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different State."). "[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler*, 134 S. Ct. at 760. "The threshold for general jurisdiction is high; the contacts must be sufficiently extensive and pervasive to approximate physical presence." *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010). "The 'paradigm' forums in which a corporate defendant is 'at home,' . . . are the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (quoting *Daimler*, 134 S. Ct. at 760); *see also Goodyear*, 564 U.S. at 924, 131 S. Ct. at 2854; *Kipp v. Ski Enter. Corp. of Wis.*, 783 F.3d 695, 698 (7th Cir. 2015). "The exercise of general jurisdiction is not limited to these forums; in an 'exceptional case,' a corporate defendant's operations in

another forum 'may be so substantial and of such a nature as to render the corporation at home in that State.'" *BNSF*, 137 S. Ct. at 1558 (quoting *Daimler*, 134 S. Ct. at 761 n.19).

Based on the record before us, we cannot conclude the Roche Defendants are subject to general personal jurisdiction in Illinois. The Roche Defendants are neither incorporated in Illinois, nor is the state their principal place of business. New Jersey is Defendant Hoffmann-LaRoche's state of incorporation and principal place of business. (Notice of Removal ¶ 26.) Roche Laboratories Inc. is incorporated in Delaware with its principal place of business in New Jersey. (*Id.* ¶ 27.) There is no allegation that the Roche Defendants are so "heavily engaged in activity" in Illinois so as to render them "essentially at home" in the state. *See BNSF*, 137 S. Ct. at 1559 (explaining even some business in the forum "does not suffice to permit the assertion of general jurisdiction over claims . . . that are unrelated to any activity occurring in [the forum]."). Accordingly, Plaintiff has failed to establish a basis for exercising general subject matter jurisdiction over the Roche Defendants in Illinois.

### B. Specific Jurisdiction

"In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" *Bristol-Meyers Squibb*, 137 S. Ct. at 1781 (quoting *Goodyear*, 564 U.S. at 919, 131 S. Ct. at 2851). A defendant's "general connections with the forum are not enough." *Id.* at 1780 (explaining the claims against the defendant and the alleged injury to the plaintiff "must arise out of or relate to the defendant's contacts with the forum"). To support the exercise of specific personal jurisdiction, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014); *see also Tamburo*, 601 F.3d at 702 (explaining the defendant's

10

contacts with the forum state must "directly relate to the challenged conduct or transaction" and we must evaluate specific personal jurisdiction "by reference to the particular conduct underlying the claims made in the lawsuit"); *MG Design Assocs. v. CoStar Realty Info., Inc.*, 267 F. Supp. 3d 1000, 1015 (N.D. Ill. 2017) ("Specific jurisdiction requires a nexus between the forum-related conduct and the underlying cause of action."). "Specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Tamburo*, 601 F.3d at 702 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174, 2182 (1985)). The defendant's contacts with the forum must be both "temporally and substantively related to the lawsuit." *uBID,* 623 F.3d at 431.

All of the Roche Defendants' alleged conduct giving rise to Plaintiff's strict product liability and negligence claims occurred outside of Illinois. Plaintiff alleges he was injured by the Roche Defendants when he ingested Accutane. (*See* Compl. at 3–4, 7–8.) He was prescribed Accutane in 1999 by his doctor in Wisconsin, and in 2004 by his doctor in Ohio. (*See* Mot. at 3–4; Compl. at 2, 6.) Plaintiff does not allege his Accutane prescription or treatment had any connection to Illinois. Simply put, none of the conduct relevant to Plaintiff's claims against the Roche Defendants occurred in Illinois.

Plaintiff's allegation that the Roche Defendants "marketed, distributed and sold" Accutane to "various physicians, hospitals and pharmacies throughout the United States, including Cook County, Illinois" does not, without more, subject the Roche Defendants to jurisdiction in Illinois. (*See* Compl. at 2, 5–6.) Regardless of whether the defendants sold Accutane in Illinois, there is no allegation tying the Roche Defendant's business in the forum to

11

the injury allegedly suffered by Plaintiff in Wisconsin and Ohio. *See Bristol-Myers Squibb*, 137 S. Ct. at 1781 (explaining where there is no alleged connection between the forum and the underlying controversy, the court lacks specific jurisdiction "regardless of the extent of a defendant's unconnected activities in the State"); *Advanced Tactical*, 751 F.3d at 802 ("The mere fact that [defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction . . . . The relation between the defendant and the forum must arise out of contacts that the defendant himself creates with the forum State.")

Furthermore, the fact that Plaintiff currently resides in Illinois is insufficient to create personal jurisdiction over an out-of-state defendant. *See, e.g.*, *Walden*, 134 S. Ct. at 1122 ("[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him."); *MG Design*, 267 F. Supp. 3d at 1017 (stating the plaintiff's activities within the forum are not relevant); *Chopra v. Naik*, No. 16 C 10262, 2017 WL 4339804, at *3 (N.D. Ill. Sept. 30, 2017) ("A defendant—not the plaintiff or third parties—must create the contact with the forum state."); *ABN AMRO, Inc. v. Capital Int'l Ltd.*, 595 F. Supp. 2d 805, 820 (N.D. Ill. 2008) ("The defendant, rather than the plaintiff or a third party, must create the contacts."). Plaintiff moved to Illinois in 2006, after he was prescribed Accutane, and after he developed inflammatory bowel disease and had surgery to remove his colon as a result. Plaintiff has alleged no connection to Illinois with respect to his ingestion of Accutane, and we see no basis for finding his alleged injuries arise out of the Roche Defendants' forum-related activities. *See Tamburo*, 601 F.3d at 702.

Nor does Plaintiff's claim with respect to the Physician Defendants confer jurisdiction over the Roche Defendants. *See Walden*, 134 S. Ct. at 1118 ("For a State to exercise jurisdiction

consistent with due process, that relationship must arise out of contacts that the 'defendant *himself*' creates with the forum." (quoting *Burger King,* 471 U.S. at 475, 105 S. Ct. at 2184); *Strabala v. Zhang*, 318 F.R.D. 81, 108 (N.D. Ill. 2016) ("The specific personal jurisdiction inquiry must be conducted separately for each of the[] [alleged] counts."); *Purdue Research*, 338 F.3d at 782–83 ("Notably, it must be the activity of the defendant that makes it amenable to jurisdiction, not the unilateral activity of the plaintiff or some other entity."). The Roche Defendants have established that Plaintiff's claim with respect to the Physician Defendants is temporally and substantively distinct. (*See* Mot. at 11–12.) The claim against the Physician Defendants involves a different theory of liability, does not name or mention the Roche Defendants, involves Plaintiff's prescription for Claravis (which is not manufactured or distributed by the Roche Defendants), comprises different time periods, and entails different injuries. (*See* Notice of Removal ¶ 35.) Accordingly, as Plaintiff's claims against the Roche Defendants have no connection to Illinois, we grant the Roche Defendants' motion to dismiss for lack of personal jurisdiction without prejudice.

## CONCLUSION

For the foregoing reasons, we grant Defendants Hoffman-La Roche Inc. and Roche Laboratories Inc.'s motion to dismiss for lack of personal jurisdiction without prejudice. It is so ordered.

Marvin E. Aspen
United States District Judge

Dated: March 7, 2018
Chicago, Illinois